UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DANNY A. PADILLA,

    Plaintiff,

v.                                                                                                                  Civ. No. 18-1116 KG/GJF

WARDEN BOWEN
DEPARTMENT OF CORRECTIONS,

    Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Plaintiff's pro se handwritten filing, "Motion for Prohibitor Injunction." ECF No. 1. On December 4, 2018, the Court ordered Plaintiff to cure deficiencies in his filing on or before January 3, 2019, by (1) submitting his complaint in proper form and (2) paying the $400 filing fee or filing an "Application to Proceed in the District Court Without Prepaying Fees and Costs" in proper form. ECF No. 3. Plaintiff has neither responded to the Court's order nor cured any of these deficiencies. The Court therefore directs Plaintiff to show cause as to why this case should not be dismissed for failure "to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b).

Plaintiff is incarcerated at Northeastern New Mexico Detention Facility in Clayton, New Mexico. ECF No. 1 at 5-6. He seeks a preliminary injunction "to refrain the respondents from acting on any transfer of the Petitioner to any other facility." *Id.* at 2. The Court determined that Plaintiff's filing is a challenge to the conditions of his confinement, which is properly treated as a civil rights claim under 42 U.S.C. § 1983. *See Wiley v. Holt*, 42 F. App'x 399, 400 (10th Cir. 2002). The Court notified Plaintiff, however, that his filing is not in proper form to assert civil rights claims. ECF No. 3 at 1.

The Court also advised Plaintiff that, under 28 U.S.C. §§ 1914 and 1915, he must either pay the $400.00 filing fee or submit an application in proper form to proceed under § 1915, which includes a statement showing the activity on his inmate trust account for the 6-month period preceding his filing. *Id.* at 1-2. The Court ordered Plaintiff to cure these deficiencies in his filing on or before January 3, 2019, and provided him with a civil rights complaint form, with instructions, and an application to proceed under § 1915. *Id* at 2.

Under the Federal Rules of Civil Procedure, the Court may dismiss an action for failure to prosecute, to comply with the rules of civil procedure, or to comply with a court order. Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003); *Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure." (citation omitted)). Therefore, the Court will order Plaintiff to show cause as to why this proceeding should not be dismissed for his failure to prosecute this case or to comply with this court's order. If Plaintiff does not show cause **on or before February 25, 2019**, the Court may dismiss this case without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff show cause **on or before February 25, 2019**, why his civil rights complaint should not be dismissed for his failure to prosecute this case or to comply with this court's order.

**IT IS SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE